■ IRVING OFSEVIT et al., Doing Business as ARTHUR PRINTING AND STATIONERY CO., Respondents, v. MONTICELLO LUMBER & MFG. CO. INC., Appellant.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ FREDERICK POTTER, Appellant, v. HAROLD H. GUERTZE, SR., Respondent.— Appeal by plaintiff from an order of the Supreme Court granted at Trial Term, Albany County which dismissed the complaint at the close of the plaintiff's evidence, and from the judgment entered on said order. In conjunction with an action in negligence to recover damages for personal injuries, plaintiff sued to rescind a release upon the ground of mutual mistake of fact. The mistake urged is that at the time settlement negotiations were had and the release given, neither party knew that plaintiff had sustained, in addition to rather minor injuries, a ruptured intervertebral disc which, in fact, required subsequent hospitalization of plaintiff and an operation. Plaintiff was hospitalized on December 23, 1952, the day of the accident, and returned home next day. He found that an adjuster for defendant's insurance carrier had left his card. Some time later he telephoned the carrier and, pursuant to its request, submitted to examination by its physician on January 19, 1953. Plaintiff's attending physician discharged plaintiff on February 24 and told him he might return to work and on that day plaintiff went to the carrier's office with his own insurance agent, who did not, so far as appears, remain during the conversation which ensued. Plaintiff took with him a statement of his special damages and the carrier's adjuster offered him the amount of them plus $1,000, a total of $1,898.75, which plaintiff, after some demur and after the adjuster said that that was " all the accident was worth and I could take it or go out and get a lawyer or half a dozen lawyers and give it to them ", accepted and thereupon executed a complete release. Plaintiff contends that he did not read the release and that neither the terms of the release nor the question of unknown injuries were discussed. He knew, however, that the paper which he signed was a release and it is not claimed that he was unaware of its effect. Plaintiff was not uneducated or without business experience. He had completed high school, had worked as a local policeman, a State trooper, a salesman and, for many years prior to the accident, in the circulation department of a newspaper as a "road man " calling on customers and, among other things, conducting financial transactions with them. There is no contention that the consideration paid for the release was inadequate for the known injuries. There was no evidence of fraud or overreaching. The order of dismissal was properly granted. (*Yehle* v. *New York Cent. R. R. Co.*, 267 App. Div. 301, affd. 295 N. Y. 874.) Judgment and order affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.